**Walter HICKEY, Annie Hickey,**
**Plaintiffs–Appellants,**

v.

**CITY OF NEW YORK, et al.,**
**Defendants–Appellees.**

**No. 05–1933–CV.**

United States Court of Appeals,
Second Circuit.

March 31, 2006.

Dan Cherner, Law Office of Dan Cherner; New York, NY, for Appellant.

Susan Choi–Hausman, Corporation Counsel of the City of New York (Pamela Seider Dolgow, Jennifer A. Rossan, of Counsel, on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellee, of counsel.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* Chief District Judge.

### SUMMARY ORDER

Walter Hickey and Annie Hickey appeal from the November 24, 2004, and March 15, 2005, judgments of the United States District Court for the Southern District of New York (Lynch, *J.*), granting a motion for partial summary judgment and dismissing the complaint, and from the April 2, 2004, judgment of the United States District Court for the Southern District of New York (Maas, *MJ.*), denying the Hickeys' motion to amend the complaint. We assume familiarity with the underlying facts and procedural history.

The Hickeys raise five issues on appeal. First, the Hickeys argue that the district court abused its discretion in precluding the proposed testimony of John Ryan, a practices/training expert. Second, they argue that the court erred in granting partial summary judgment. Third, the Hickeys argue that the district court erred in its rulings during the cross-examination of Officers Teiner and Heihs. Fourth, they argue that the district court erred in ruling as inadmissible the command disciplines meted out to the 911 operators and the facts of the shooting investigation. Finally, the Hickeys argue that the district court erred in not allowing the plaintiffs to amend the complaint.

First, the Hickeys argue that Ryan's testimony was improperly excluded. The standard for reversing a decision to admit or exclude expert testimony is abuse of discretion. *See Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,* 314 F.3d 48, 59–60 (2d Cir.2002). The trial court has wide discretion in evidentiary rulings on expert testimony. *Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir.1997). The trial court acts as a gatekeeper with respect to expert testimony, properly admitting only such testimony as would help the jury understand the evidence or determine a fact at issue. *See Daubert v. Merrell Dow Pharma., Inc.,* 509 U.S. 579, 591–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Thus, the court must "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597, 113 S.Ct. 2786.

The Hickeys sought to call John Ryan as a police and law enforcement practices expert. The district court found that there was no basis for Ryan's opinion that a reasonable and well-trained officer should have been able to tell that Mr. Hickey was holding a cell phone, not a gun. Further, the district court noted that the police training issues were irrelevant since the *Monell* claim of municipal liability had already been dismissed. Therefore, based on the court's finding that Ryan lacked concrete knowledge regarding many of the assumptions underlying his conclusions, the district court did not abuse its discretion in excluding Ryan's

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

proffered testimony for lack of probative value.

The Hickeys next contend that the district court erred in granting partial summary judgment to the defendants. They do not provide any argument as to why the district court erred, however, and instead refer us to the briefs filed in opposition to summary judgment before the district court. Accordingly, we deem this claim to be waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also* Fed. R.App. P. 28(a)(9)(A)(providing that an appellate brief must contain an argument with "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.") Next, the Hickeys challenge the district court's grant of partial summary judgment to the defendants. We review the district court's grant of summary judgment *de novo. See, e.g., Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). After reviewing the Hickeys' arguments, we affirm for substantially the reasons given by the district court.

Third, the Hickeys challenge the district court's rulings during the cross-examination of Officers Teiner and Heihs. A district court's decision on the management of the cross-examination of witnesses will not be overturned in the absence of an abuse of discretion. *United States v. Sasso,* 59 F.3d 341, 347–48 (2d Cir.1995). Based on the record, the plaintiffs were fully allowed to explore the issue of firearms training with the police officers. Further, because the cited prior statements were not inconsistent with Teiner and Heihs trial testimony, it was well within the district court's discretion to limit impeachment of the officers. *Id.* at 347 (holding the district court has wide discretion to limit cross-examina-

tion). Therefore, the court did not abuse its discretion in its rulings during cross-examination.

Fourth, the Hickeys argue that the district court erred in refusing to allow plaintiffs to present evidence at trial regarding (1) command disciplines received by the New York Police Department 911 operators and (2) the shooting investigation by the New York Police Department and the district attorney's office. We review the district court's evidentiary decisions for abuse of discretion. *See United States v. Taubman,* 297 F.3d 161, 164 (2d Cir.2002). The fact that 911 operators in this matter may have received command disciplines is irrelevant to whether Officers Teiner and Heihs acted reasonably. In addition, any purported "cover-up" in the investigation by the New York Police Department and district attorneys is not relevant to determining how the police officers acted on the night of the shooting. Therefore, the district court properly excluded this evidence.

Finally, the Hickeys contend that the district court erred in denying their motion to amend the complaint. We review a district court's decision denying a motion to amend a complaint for abuse of discretion. *See Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.,* 192 F.3d 337 (2d Cir.1999). The Hickeys moved to amend their complaint to replace the "Unknown Jane and John Doe(s)" with the actual names of five police officers. However, the Hickeys failed to name the "Doe" defendants by their proper names within the three-year statute of limitation required for 42 U.S.C. § 1983. *Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999). It is well-settled that "an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.* There-

fore, we find that the district court did not exceed its allowable discretion in denying the Hickeys' motion to amend their complaint to add the "Doe" defendants.

We have considered the defendant's remaining contentions and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.